UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

M.C. and T.G., on behalf of themselves and all similarly             Civil Action No.:
situated individuals,                                                6:22-CV-190 (DNH/ML)

                              Plaintiffs,

        v.

JEFFERSON COUNTY, NEW YORK;
COLLEEN M. O'NEILL, as the Sheriff of
Jefferson County, New York; BRIAN R.
McDERMOTT, as the Undersheriff of Jefferson
County; and MARK WILSON, as the Facility
Administrator of Jefferson County Correctional
Facility,

                              Defendants.

_____


**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**


                    **BARCLAY DAMON LLP**
                    *Attorneys for Defendants*
                    Teresa M. Bennett, Esq.
                    Kayla A. Arias, Esq.
                    125 East Jefferson Street
                    Syracuse, New York 13202-2020
                    Telephone:  (315) 413-7111
                    Facsimile:  (315) 703-7344

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL STANDARD ............................................................................................... 2

ARGUMENT ............................................................................................................ 4

POINT I ................................................................................................................... 4

PLAINTIFFS HAVE FAILED TO ESTABLISH THE PREREQUISITES FOR CLASS CERTIFICATION UNDER RULE 23(A) ................................................................ 4

    A.   Plaintiffs Have Not Satisfied Its Burden of Establishing Numerosity ..................... 4

    B.   Plaintiffs are Not Adequate Class Representatives ................................................ 7

    C.   Plaintiffs' Claims are Not Typical of the Proposed Class .................................... 9

POINT II ................................................................................................................ 10

PLAINTIFFS HAVE FAILED TO ESTABLISH RULE 23(B)(2) REQUIREMENTS FOR INJUNCTIVE RELIEF .................................................................................. 10

CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baffa v. Donaldson*,
    222 F.3d 52 (2d Cir. 2000)..................................................................................7

*Bano v. Union Carbide Corp.*,
    2005 U.S. Dist. LEXIS 32595 (S.D.N.Y. Aug. 12, 2005) ......................................2

*Davidson v. Yeshiva Univ.*,
    555 F.Supp. 75 (S.D.N.Y. 1982)..........................................................................9

*Deflumer v. Overton*,
    176 F.R.D. 55 (N.D.N.Y. 1997)........................................................................4, 6

*Edge v. C. Tech Collections, Inc.*,
    203 F.R.D. 85 (E.D.N.Y. 2001) ...........................................................................4

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982)..............................................................................................4

*Goldberg v. Taylor Wine Co.*,
    1979 U.S. Dist. LEXIS 14903 (E.D.N.Y. Jan. 23, 1979) ......................................8

*Hill v. City of New York*,
    136 F. Supp. 3d 304 (E.D.N.Y. 2015), *order amended and supplemented*,
    2019 U.S. Dist. LEXIS 71757 (E.D.N.Y. Apr. 29, 2019) ......................................5

*Jacob v. Duane Reade, Inc.*,
    602 Fed. Appx. 3 (2d Cir. 2015) ...........................................................................2

*Karvaly v. eBay, Inc.*,
    245 F.R.D. 71 (E.D.N.Y. 2007) ...........................................................................9

*Mariso A. by Forbes v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997)..................................................................................9

*Miles v. Merrill Lynch & Co.*,
    471 F.3d 24 (2d Cir. 2006)....................................................................................3

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)..................................................................................2

*Pennsylvania Pub. Sch. Employees' Ret. System v. Morgan Stanley & Co., Inc.*,
    772 F.3d 111 (2d Cir. 2014), *as amended* (Nov. 12, 2014) ....................................5

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993)...................................................................................4

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986)................................................................................4, 7

*Rueckert v. Sheet Metal Workers' Intern. Ass'n*,
   77 F.R.D. 409 (S.D.N.Y. 1977) ..........................................................................9

*Russell v. Forster & Garbus, LLP*,
   No. 17-CV-4274(JS)(AYS), 2020 U.S. Dist. LEXIS 45299 (E.D.N.Y. Mar.
   16, 2020) ...............................................................................................................7

*Savino v. Computer Credit*,
   164 F.3d 81 (2d Cir. 1998)...................................................................................8

*Spicer v. Pier Sixty LLC*,
   269 F.R.D. 321 (S.D.N.Y. 2010) .........................................................................9

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..............................................................................................4

## Other Authorities

Fed. R. Civ. P. 23..............................................................................................1, 2, 4, 11

Fed. R. Civ. P. 23(a) ..............................................................................................1, 2, 4

Fed. R. Civ. P. 23(a)(3) ...............................................................................................9

Fed. R. Civ. P. 23(a)(4)...............................................................................................7

Fed. R. Civ. P. 23(b) .............................................................................................1, 10

Fed. R. Civ. P. 23(b)(2) ........................................................................................2, 10

Defendants Jefferson County, Colleen M. O'Neill, Brian R. McDermott and Mark Wilson (collectively, the "County Defendants"), submit this memorandum of law in opposition to Plaintiffs M.C. and T.G., on behalf of themselves and all similarly situated individuals ("Plaintiffs"), motion, both individually and on behalf of the proposed class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the certification of the above-captioned action as a class action.

## PRELIMINARY STATEMENT

Plaintiffs brought this action on behalf of themselves and a purported class of individuals (collectively, the "Proposed Class") as follows: all non-pregnant individuals who are or will be detained at the Jefferson County Correctional Facility and had or will have prescriptions for agonist medication for opioid use disorder ("MOUD") at the time of entry into the County Defendants' custody. The Plaintiffs further move to certify two sub-classes as follows: 1) one of class members subject to pretrial detention and 2) one of class members subject to post-conviction detention.

Plaintiffs, as the proponents of class certification bear the burden of proving, by a preponderance of the evidence, that each of the Rule 23(a) threshold requirements have been met, and qualification under at least one of the categories set forth in rule 23(b). Plaintiffs have failed to do anything more than assert unsupported conclusions, and ask the Court to presume that the requirements of Rule 23 have been met. Respectfully, the present motion for class certification suffers from deficiencies, in that 1) Plaintiffs M.C. and T.G. are not adequate class representative, 2) Plaintiffs have not established numerosity, and 3) Plaintiffs' claims are not typical of the Proposed Class. Moreover, while Plaintiffs seek injunctive relief, there is no actual proof that the County Defendants maintain the unlawful policy or practice they claim.

For the reasons discussed more fully below, Plaintiffs' motion for class certification should be denied.

## **LEGAL STANDARD**

Plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). In order to achieve class certification, plaintiffs must satisfy the four requirements of Rule 23(a), which are numerosity, typicality, commonality, and adequacy of representation. "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010).

Moreover, under Rule 23(b)(2), the plaintiffs must show "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Pro. 23(b)(2).

In seeking class certification, the Plaintiff is not entitled to rely on the "bare allegations in the complaint," and the Court is not constrained to "assume the truth of the allegations in the complaint." *Bano v. Union Carbide Corp.*, 2005 U.S. Dist. LEXIS 32595, at *11 (S.D.N.Y. Aug. 12, 2005). Rather, "[i]n determining whether to certify a class, the district court must conduct a 'rigorous analysis' that may 'overlap with the merits of the plaintiff's underlying claim.'" *Jacob v. Duane Reade, Inc.*, 602 Fed. Appx. 3, 5 (2d Cir. 2015) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350-51). That is

> (1) a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met; (2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met; (3) the obligation to make

such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; (4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and (5) a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.

*Miles v. Merrill Lynch & Co.*, 471 F.3d 24, 41 (2d Cir. 2006).

## ARGUMENT

### POINT I

#### PLAINTIFFS HAVE FAILED TO ESTABLISH THE PREREQUISITES FOR CLASS CERTIFICATION UNDER RULE 23(A)

An action "may only be certified [as a class action] if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). While some suits "are often by their very nature class suits, . . . careful attention to the requirements of Fed. Rule Civ. Proc. 23 remains nonetheless indispensable . . .." *Id.* at 157 (internal quotation marks omitted). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 597 (2d Cir. 1986) ("satisfaction of Rule 23(a) requirements may not be *presumed*").

#### A. Plaintiffs Have Not Satisfied Its Burden of Establishing Numerosity

While "evidence of exact class size or identity of class members" is not necessary to satisfy the numerosity requirement, "plaintiff[] must show some evidence of or reasonably estimate the number of class members[.]" *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993); *see also Deflumer v. Overton*, 176 F.R.D. 55, 58 (N.D.N.Y. 1997). A "conclusory allegation that the number was 'numerous'" or "a naked assertion that the number of plaintiffs are too numerous with no factual support" is insufficient. *Deflumer*, 176 F.R.D. at 59 (statement in "Memorandum of Law that the number of consumers who received similar letters may be in the hundreds or thousands" deemed pure speculation). "Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails." *Edge v. C. Tech*

*Collections, Inc.*, 203 F.R.D. 85, 89 (E.D.N.Y. 2001) (citing *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968); *Reese v. Arrow Financial Servcs. LLC*, 202 F.R.D. 83, 2001 U.S. Dist. LEXIS 14359, *21 (D.Conn. 2001) (holding that "bare assertions of numerosity are insufficient and the plaintiff must reasonable estimate or provide some evidence of the number of class members")).

In the Second Circuit, "[n]umerosity is presumed for classes larger than forty members." *Pennsylvania Pub. Sch. Employees' Ret. System v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 120 (2d Cir. 2014), *as amended* (Nov. 12, 2014); *see also Hill v. City of New York*, 136 F. Supp. 3d 304, 353 (E.D.N.Y. 2015), *order amended and supplemented*, 2019 U.S. Dist. LEXIS 71757 (E.D.N.Y. Apr. 29, 2019) ("While there is no magic minimum number to establish numerosity, courts in the Second Circuit generally presume that a class consisting of 40 or more members is sufficiently numerous.")

Plaintiffs allege "jail has enforced its ban on agonist MOUD treatment on scores, and perhaps even hundreds, of people with OUD detained there, without regard to the grave consequences to their health and safety." Dkt. 2-1 at 2. However, in support of their motion, Plaintiffs have only been able to specifically identify a handful of individuals allegedly deprived of MOUD treatment. Specifically, Plaintiffs' Attorney represents that they are aware of "approximately a dozen individuals who have been subjected to the jail's MOUD ban in the past month alone." Dkt. 2-2, ¶¶ 8–11. Plaintiffs did not set forth any evidence regarding these individuals and in fact only submitted evidence of one single individual (T.G.) who claims to have been subjected to the "ban" in January 2022. Dkt. 2-5. Plaintiffs' attorneys claim that four other individuals (J.C., M.S.C., R.G., and S.G.) were allegedly subject to the same "ban," as set forth in the Complaint to have been denied methadone treatment while in the custody of the County Defendants, but have submitted only hearsay and conclusory allegations with respect to those

individuals.  Plaintiffs' Attorney also makes the unsupported assertion that dozens of individuals have been identified as having been denied access to prescribed MOUD, without any details on the identities of those individuals.  Such conclusory allegations of these unknown individuals are insufficient to establish numerosity. *Deflumer*, 176 F.R.D. at 59.

Plaintiffs also speculate that the class could number in the hundreds based on national and state wide statistics for self-reported opioid use.  Dkt 2-1, p. 12.  Plaintiffs also rely on records from third-party providers identifying opioid use disorder.  Dkt 2-3.  At most Plaintiffs have submitted evidence of one potential class member, and possibly four additional class members, although no admissible evidence was submitted as it relates to those four alleged class members. These five individuals fall well short of the typical 40 class members necessary to establish numerosity.

What Plaintiffs ask this Court to do is presume or infer that the numerosity has been met, but it is Plaintiffs burden of proof.  This Court cannot infer that the elements of class certification have been met.  At best, Plaintiffs' motion for class certification is premature.  Plaintiffs have failed to conduct proper discovery to meet its burden to determine whether there are sufficient class members to establish numerosity.  They fail to even address with anything other than generic court findings whether the "dozen" potential class members can commence their own action for relief.  Based on the evidence currently pending before the Court, Plaintiffs have not submitted admissible evidence that would establish, by a preponderance of the evidence, that the numerosity requirement for class certification has been satisfied.  As such, Plaintiffs' class certification motion is deficient and must be denied.

**B.  Plaintiffs are Not Adequate Class Representatives**

"[I]t is widely agreed that adequacy is the most important factor to be considered when addressing requests for class certification."  *Russell v. Forster & Garbus, LLP*, No. 17-CV-4274(JS)(AYS), 2020 U.S. Dist. LEXIS 45299, at *9 (E.D.N.Y. Mar. 16, 2020) (quoting *Wexler v. AT&T Corp.*, 2019 U.S. Dist. LEXIS 131869, at *3 (quoting *In re LILCO Secs. Litig.*, 111 F.R.D. 663, 672 (E.D.N.Y. 1986))).  A plaintiff requesting to represent a class must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4)).

"Generally, adequacy of representation entails inquiry as to whether:  1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  *Baffa v. Donaldson*, 222 F.3d 52, 60 (2d Cir. 2000).  Plaintiffs simply ask this court to presume that Plaintiffs are adequate class representatives, which this court is not permitted to do.  *See Rossini v. Ogilvy & Mater, Inc.*, 798 F.2d 590, 597-98 (2d Cir. 1986).  The Court must consider "(1) whether the proposed plaintiffs are credible; (2) whether the proposed plaintiffs have adequate knowledge of the case and are actively involved; and (3) whether the interest of the proposed plaintiffs are in conflict with those of the remainder of the class." *Russell v. Forster & Garbus, LLP*, No. 17-CV-4274(JS)(AYS), 2020 U.S. Dist. LEXIS 45299, at *9-10 (E.D.N.Y. Mar. 16, 2020) (citing *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 95 (S.D.N.Y. 2010)).

This action seeks a declaratory judgment based upon an alleged categorical ban on agonist MOUD.  Dkt. 2-1, at 4.  Plaintiffs identify M.C. as the class representative of the Proposed Class and the sub-class of post-conviction incarcerated individuals.  M.C. was not even custody at the time the Complaint and this motion were filed.  Dkt. 2-4).  On the date he came into custody he was examined and then transported to Credo and Crouse for treatment every single day through

the present.  Wilson Aff. at ¶¶ 9-10.  As such Plaintiff M.C. is unable to demonstrate that he was ever even subjected to the purported ban that is the basis of this litigation.  As set forth below, he does not meet typicality requirement for class certification.  *See infra* Point C, M.C. is not only an inadequate class representative, he is not even a proper member of the Proposed Class based on the evidence submitted in support of this motion.

Plaintiffs identify T.G. as the representative of the Proposed Class and the sub-class of pre-conviction detainees.  While T.G. alleges that her methadone treatment was disrupted when she was admitted to the County Defendants' custody, her medical records indicated that she self-reported daily heroin use (two bags per day) a mere two days before she was detained at JCCF.  *See* Ex B to Wilson Affidavit.  Plaintiffs present her as a person "empowered" by her receipt of methadone treatment, which has caused her "to stop using drugs and to work to rebuild her life."  Dkt. 2-1 at 5.  Her continued use of heroin while "on the mend" as a result of her receipt of methadone treatment, renders T.G. an inadequate class representative.  In fact, it is presently unclear whether T.G.'s claimed withdrawal symptoms alleged in her Affidavit are related to a lapse in methadone treatment or because of her withdrawal from her daily heroin addiction.  For those reason, T.G. also suffers from credibility issues and it is questionable whether she would fairly and adequately represent the interests of the proposed class.  *Savino v. Computer Credit*, 164 F.3d 81, 87 (2d Cir. 1998) ("To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff."); *Goldberg v. Taylor Wine Co.*, 1979 U.S. Dist. LEXIS 14903, at *7 (E.D.N.Y. Jan. 23, 1979) (While "a class representative need not prove that he is honest in all respects[,]" the court should "be concerned with how plaintiff's improprieties or lack of credibility reflect on his ability to represent adequately the class.").

For the foregoing, reasons, neither plaintiff is an adequate class representative.

**C.  Plaintiffs' Claims are Not Typical of the Proposed Class**

While the Plaintiffs have identified questions of law and fact that are common among the proposed class, Plaintiff have not established that his claims "are typical of the claims or defenses of the class[.]"  FED. R. CIV. PROC. 23(a)(3).  The typicality requirement has also been likened to the requirement of adequate representation.  *See Davidson v. Yeshiva Univ.*, 555 F.Supp. 75, 78 (S.D.N.Y. 1982); *Rueckert v. Sheet Metal Workers' Intern. Ass'n*, 77 F.R.D. 409 (S.D.N.Y. 1977).  It "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Mariso A. by Forbes v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997).

While typicality does not require that the factual background of the plaintiff's claim "be identical to that of all class members[,]" it does "require[] that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of the other members of the proposed class."  *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 82 (E.D.N.Y. 2007).  That is, typicality is satisfied only where the plaintiff asserts "that defendants committed the same wrongful acts in the same manner against all members of to [sic] class"; that is, plaintiff's "claims must still share the same essential characteristics as the claims of the class at large."  *Id.*

Typicality exists "where the plaintiff's and the class members' 'injuries derive from a unitary course of conduct by a single system.'"  *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997).  That is, a lack of typicality exists "where the named plaintiff was not harmed by the [conduct] he alleges to have injured the class."  *Spicer*, 269 F.R.D. at 337.

Here, M.C.'s claim does not "arise from the same course of events" of the Proposed Class, and the County Defendants have established that M.C. has never been harmed by the conduct

alleged to be unlawful.  *See* Wilson Aff.  The conduct that is alleged to have harmed the Proposed Class is that all members were subjected to the ban, stripping them of access to their prescribed medication and forcing them into painful and dangerous withdrawal.  Dkt. 2-1.  M.C. was never subjected to this alleged ban, as he has received uninterrupted treatment since the day he came into the County Defendants' custody through the present, and as such was never damaged by the allegedly unlawful policy.  He cannot represent the Proposed Class or the sub-class of post-conviction detainees.

Again, T.G. alleges that her methadone treatment was disrupted when she was admitted to Jefferson County custody, her medical records indicated that she reported daily heroin use immediately before she was detained.  *See* Ex B to Wilson Affidavit.  As such, her alleged injury, withdrawal, did not derive from being subjected to a purported methadone ban, but rather was likely related to her recent heroin use.  As she was not harmed by the ban alleged to have injured the class, she cannot satisfy the typicality requirement.

For the foregoing, reasons, neither plaintiffs' claims are typical of the proposed class.

## POINT II

### PLAINTIFFS HAVE FAILED TO ESTABLISH RULE 23(B)(2) REQUIREMENTS FOR INJUNCTIVE RELIEF

Plaintiffs assert that the putative class meets the requirements of Rule 23(b) because Plaintiffs allege the County Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

Plaintiffs' entire case rests upon a determination that the County Defendants maintain an unlawful policy, custom or practice of denying MOUD treatment to non-pregnant persons committed to their custody.  That is the sole issue common to all of the members of the Proposed

Class.  While Plaintiffs may claim that there is no dispute as to the existence of an unlawful policy, custom or practice, the County Defendants maintain that there is no policy.  Further, by the Plaintiffs' own admissions in their Complaint, other incarcerated persons at the JCCF have received methadone treatment, suggesting that there is no uniform ban, practice or policy.  The County Defendants have further submitted evidence that incarcerated individuals that are confirmed to be on a methadone treatment program, are being transported to a third-party service provider for daily treatment.  *See* Wilson Affidavit.  As such there is a serious question as to whether there is an unlawful policy that is applied uniformly to the proposed class.

The request for class certification for injunctive or declaratory relief must be denied.

## CONCLUSION

For the reasons set forth herein and in the accompanying Declaration and Affidavit, the County Defendants respectfully request that Plaintiffs' motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the certification of the above-captioned action as a class action, be denied.  The County Defendants respectfully request such other and further relief as the Court deems just and proper.

Dated:  April 22, 2022                    **BARCLAY DAMON LLP**
                                          *Attorneys for Defendants*

                                          By: /s/*Teresa M. Bennett*_____
                                                Teresa M. Bennett, Esq.
                                                (Bar Roll No. 515025)
                                                Kayla A. Arias, Esq.
                                                (Bar Roll No. 519953)

                                          Barclay Damon Tower
                                          125 E Jefferson St,
                                          Syracuse, New York 13202
                                          Telephone:  (315) 413-7111
                                          *tbennett@barclaydamon.com*