

**New York Civil Liberties Union**
125 Broad Street, 19th Floor
New York, New York, 10004
212.607.3320
www.nyclu.org

Antony Gemmell
Director, Detention Litigation
212.607.3320
agemmell@nyclu.org

March 4, 2024

Via ECF

The Honorable Miroslav Lovric
United States District Court, Northern District of New York
Federal Building and United States Courthouse
Binghamton, New York 13901

Re:    *M.C. v. Jefferson County*, 6:22-cv-190 (DNH/ML)

Dear Judge Lovric:

As counsel to the plaintiff class in this certified class action concerning access to treatment for opioid use disorder at the Jefferson County Correctional Facility, we write in response to the Court's text order last Thursday, ECF No. 119, to confirm that, to the best of counsel's knowledge, Plaintiff M.C. passed away on February 6 last year.

Plaintiffs' counsel first learned of M.C.'s possible death on November 16, 2023, after discovering the online obituary of an individual whose identity appeared to correspond to M.C. Before notifying the Court, counsel raised the possibility of M.C.'s death with Defendants' counsel in December and spent several months attempting to confirm M.C.'s passing, including by undertaking the delicate task of finding and attempting to contact various of M.C.'s surviving family members and his partner. Having exhausted those efforts, Plaintiff's counsel believed it was now appropriate at this point to suggest M.C.'s death under Rule 25.

We are unaware of any deadline imposed by Rule 25 on the time within which counsel must learn of a client's potential death or conclude efforts to confirm such a death has occurred, and "there is no particular time period within which [a] statement [of death under Rule 25] must be made after the death occurs." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1955 (3d ed.).[1]

---

[1] Rule 25(a)(1) does require that any motion to substitute a new plaintiff for M.C. be filed within 90 days *after* the filing of a suggestion of death. But such a motion is unnecessary here because Plaintiff T.G. remains an active representative for the class. *See* Fed. R. Civ. P.

Even so, as we will explain in the affidavit and memorandum of law the Court ordered, we believe the steps Plaintiffs' counsel have undertaken here to verify M.C.'s passing before notifying the Court were reasonable under the circumstances and that good cause therefore exists to conclude Plaintiffs' Rule 25 notification was not untimely.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

*/s/ Antony P. F. Gemmell*
Antony P. F. Gemmell
Terry T. Ding
Gabriella M. Larios
Molly K. Biklen

*Counsel for the Plaintiff Class*

---

25(a)(2) (providing that in a case with multiple plaintiffs, "[a]fter a [plaintiff's] death, . . . the action does not abate, but proceeds in favor of or against the remaining parties"); *e.g.*, *Dover v. Brit. Airways, PLC (UK)*, 323 F. Supp. 3d 338, 345 (E.D.N.Y. 2018) (granting preliminary approval of a class settlement notwithstanding the death of a named plaintiff where other "named plaintiffs . . . adequately represented the interests of all Class members").