UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.C. and T.G., on behalf of themselves and all similarly situated individuals,<br><br>                Plaintiffs,<br><br>    v.<br><br>JEFFERSON COUNTY, NEW YORK, et al.,<br><br>                Defendants. | Case No. 6:22-cv-190 (DNH/ML) |

**AFFIRMATION OF ANTONY P. F. GEMMELL IN SUPPORT OF PLAINTIFFS' CONSENT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CONSENT DECREE AND APPROVAL OF CLASS NOTICE**

I, ANTONY P.F. GEMMELL, pursuant to 28 U.S.C. § 1746, hereby affirm:

1. I am a member of the bar of this Court and of the State of New York, and counsel for Plaintiffs and the class in the above-captioned case. I submit this affirmation in support of Plaintiffs' unopposed motion for preliminary approval of their proposed consent decree.

2. On March 1, 2022, Plaintiffs M.C. and T.G. filed a class-action complaint alleging that Defendants maintained a practice of routinely denying prescribed, life-sustaining medical treatment to Plaintiffs and other individuals with opioid use disorder ("OUD") at the Jefferson County Correctional Facility (the "Jail") in violation of federal and state law. *See generally* ECF No. 1.

3. On May 16, 2022, the Court certified a class (the "Class"); appointed Plaintiffs as class representatives; and appointed the New York Civil Liberties Union Foundation as class counsel ("Class Counsel"). The Court also preliminarily enjoined Defendants "immediately . . .

to provide [class members] with agonist [MOUD] during their detention in defendants' custody . . . ." Mem.-Dec. & Order ("PI Order") at *13, May 16, 2022, ECF No. 53.

4. The Parties began and completed substantial discovery following this Court's May 16, 2022, PI Order. Class Counsel reviewed thousands of pages of documents and deposed seven defense witnesses. Class Counsel also consulted with and submitted expert reports from a medical expert, Dr. Richard Rosenthal, and a corrections expert, Edmond Hayes. *See* ECF Nos. 2-6, 7, 32, 48.

5. In the period after this Court's PI Order, the parties also began settlement discussions to resolve this matter. The Parties first participated in mandatory mediation on August 12, 2022, to no avail. *See* ECF No. 78. Meaningful settlement discussions later began in October 2023 and largely concluded in January 2024. The Parties met for a total of about 3.5 hours to discuss the terms of a proposed consent decree (November 9 for 2 hours, December 6 for 0.9 hours, and December 12 for 0.6 hours) and exchanged several drafts of proposed consent decree terms.

6. Those negotiations were conducted by experienced and capable attorneys for both Parties. Plaintiffs were represented by three attorneys from the New York Civil Liberties Union Foundation: Antony Gemmell, Terry Ding, and Gabriella Larios, who have eleven, four, and three years of experience in complex civil litigation, respectively. Defendants were represented by two attorneys from Barclay Damon, LLP—Mitchell Katz, who had more than three decades of litigation experience before he began serving as a federal magistrate judge this year, and Kayla Arias, who has nine years of litigation experience—and Jefferson County Attorney David Paulsen, who has extensive knowledge regarding the County and the Jail in his capacity as County Attorney. In addition, Class Counsel have substantial experience litigating, settling, and

enforcing similar class actions, including numerous cases challenging the government policies and practices and seeking systemic reform. *See* Decl. of Antony Gemmell, ¶¶ 4–5, ECF 2-2 (collecting cases and discussing counsel's extensive complex federal civil-rights litigation).

7. On January 2, 2024, the Parties submitted a joint letter to this Court advising that the Parties had tentatively agreed to the terms of a consent decree, subject to final approval from this Court. *See* ECF No. 116. The Parties continued negotiating discrete terms of the consent decree until March 25, 2024, when the Parties reached final agreement on all terms.

8. The Parties have finalized and executed a Proposed Consent Decree, attached to this affirmation as **EXHIBIT A**, and they now seek preliminary approval of its terms and their joint plan to notify the proposed settlement class in anticipation of a final fairness hearing.

9. The Parties have agreed to distribute the Notice of Proposed Class Action Settlement ("Proposed Notice"), attached to this affirmation as **EXHIBIT B**. Defendants will post the Proposed Notice on Jefferson County's website pertaining to the Jail, in areas at the Jail prominently visible to class members, including in the common area in each housing unit, each area used to conduct facility intake, the common area of the medical unit, and each medical examination room, and at Credo Community Center for the Treatment of Addictions.[1] Defendants will also provide a copy of the notice to each individual at the Jail who has self-identified or been identified as having OUD; or who has requested, been evaluated for, or been denied treatment for OUD while detained at the Jail.

10. Plaintiffs also submit a Proposed Order, attached to their preliminary approval motion, should the Court grant that motion. *See* ECF No. 130-2.

---

[1] Credo Community Center has consented to posting the Proposed Notice at its facility.

11. To date, Class Counsel have done extensive work over several years identifying, investigating, litigating, negotiating, and settling the claims of the class. For over a year prior to filing this action, Class Counsel conducted a far-reaching investigation into systemic deficiencies at the Jail that gave rise to claims brought by the Class. *See* Decl. of Antony Gemmell, ¶¶ 4–5, ECF No. 2-2. Class Counsel also interviewed over a dozen class members while preparing to file motions for class certification and class-wide preliminary injunctive relief. *See* ECF Nos. 2-4, 2-5, 8–10, 33–38. Class Counsel also regularly spoke with class members while evaluating the Jail's compliance with the PI Order and preparing to request an extension of the PI Order. *See* ECF Nos. 69–73.

12. One of the class representatives, M.C., passed away while this action was pending. *See* ECF No. 118.

13. The other class representative in this action, T.G., has been released from Defendants' custody since this case was filed in 2022. T.G. has committed to continuing to pursue and vindicate the rights of the class throughout the pendency of the case regardless of his release. *See* Decl. of T.G. ¶ 21, ECF No. 2-5. Class Counsel counsel reviewed the terms of the proposed consent decree with T.G., who expressed approval of the proposed terms as well as her continued commitment to prosecuting the case on behalf of class members.

14. Class Counsel have already devoted significant resources to developing and maintaining this litigation, and they will continue to do so during the proposed monitoring and enforcement period.

15. Defendants agree to pay Class Counsel $352,310.10 in attorney's fees and costs in this action. Class Counsel calculated this proposed award based on its billing records and

reasonable rates, incorporating a ten percent across-the-board billing judgment reduction from the actual fees and costs incurred by Class Counsel in litigating this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 26, 2024
       New York, New York

                                                            */s/ Antony P.F. Gemmell*
                                                            Antony P.F. Gemmell